**William M. ABDALLA, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 09–786 C.**

United States Court of Federal Claims.

April 21, 2010.

---

## *PROTECTIVE ORDER*

EMILY C. HEWITT, Chief Judge.

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may fall within the scope of the Privacy Act, 5 U.S.C. § 552a, such as Standard Form (SF) 52s containing social security numbers and insurance and beneficiary information belonging to plaintiffs. To address these concerns, such information provided formally or informally during the course of this action, shall be managed and disclosed by the parties on in accordance with this Order.

1. For purposes of this Order, "Confidential Information" shall include documents (or portions thereof) that defendant believes are records that are exempt from disclosure under 5 U.S.C. § 552(b)(2), (5), and (6) of the Freedom of Information Act; and records falling within the scope of 5 U.S.C. § 552a, the Privacy Act, that identify specific individuals and contain personal information including but not limited to social security numbers, home addresses, performance ratings, appraisals and awards, and other information concerning an individual's performance, advancement or discipline.

2. In response to information sought by plaintiffs pursuant to discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims that is or may be covered by the Privacy Act, defendant is hereby authorized to release to plaintiffs' counsel in this case and/or to file with the court, in accordance with paragraphs 8, 9 and 10 of this Order records pertaining to past or present employees of the Federal Aviation Administration which are relevant to this action, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures by defendant or its attorneys shall be deemed authorized by law. *See* 5 U.S.C. § 552a(b)(11).

3. Defendant, at the time of releasing documents to plaintiffs in discovery, shall designate each document that it reasonable believes to contain Confidential Information as described in paragraph 1 of this Order. Such documents or portions thereof shall be used only in preparing for and conducting this litigation.

4. By producing Confidential Information pursuant to this Order, neither defendant nor plaintiffs are waiving and reserve the right to assert appropriate privileges and protections with respect to the Confidential Information. Nothing in this Order shall require the production or disclosure of any document, information or other matters (collectively, documents) (including but not limited to "Confidential Information") as to which defendant, under applicable law or rules of the Court of Federal Claims may assert a privilege, but if any document is responsive to a discovery request, defendant shall prepare and provide, within the time for responding to the discovery request, a Vaughn index that describes with particularity the document and the privilege(s) asserted.

5. Counsel of record for either party may provide access to the Confidential Information to their clients, individuals employed by counsel, attorneys other than Counsel of record assisting in the case, third party witnesses and to experts, including their clerical personnel, retained in anticipation of this litigation, but such access will be solely for the prosecution or defense of this case and such individuals shall be instructed that their use of the Information shall not be given, shown, made available, discussed or otherwise communication in any form to person to whom disclosure is not authorized by the terms of this Order.

6. If counsel for plaintiffs desires to disclose Confidential Information to independent experts or consultants or to third party

witnesses under paragraph 5 of this Order, counsel shall first obtained a signed statement from such person stating that he or she has been provided with a copy of and has read this Order and will comply with all provisions of this Order.

7. Should plaintiffs wish to disclose Confidential Information that is subject to this Order to any additional person other than those described in paragraph 5 of this Order, plaintiffs' counsel will first inform defendant. If defendant consents to disclosure of Confidential Information to such additional person(s), counsel for plaintiffs shall first obtain a signed statement from such person stating that he or she has been provided with a copy of and has read this Order and will comply with all provisions of this Order. If defendant does not consent to disclosure, then plaintiffs may, on motion, seek modification of this Order from the court. Defendant shall bear the burden of proving that information designated as "Confidential" is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents or portions thereof shall be treated as "Confidential" and subject to terms of this Order pending resolution by further order of the court.

8. When either party seeks to file publicly documents containing Confidential Information, the Confidential Information will be fully redacted from the document prior to filing or, if either party believes the Confidential Information is relevant to the matters in litigation and therefore should not be redacted, the information shall be filed under seal with the Clerk of Court in the manner described in paragraph 10 of this Order.

9. Confidential Information may be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

(a) if provided in electronic form, the subject line of the electronic transmission shall read "CONTAINS CONFIDENTIAL INFORMATION"; or

(b) if provided in paper form, the document must be sealed in a parcel containing the legend "CONFIDENTIAL INFORMATION ENCLOSED" conspicuously marked on the outside.

The first page of each document containing Confidential Information, including courtesy copies for use by the judge, must contain a banner stating "Confidential Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order" and the portions of any document containing protected information must be clearly identified.

10. Pursuant to this Order, a document containing Confidential Information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the "SEALED" documents menu. If filed in paper form, a document containing Confidential Information must be sealed in the manner prescribed in paragraph 9(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11. If a party determines that a previously produced or filed document contains Confidential Information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

12. At the conclusion of this litigation (whether by settlement or by a judgment that has become nonappealable), if any of the information in records designated as Confidential Information has been reproduced in whole or in part in any manner, by any means, such information shall be returned to defendant. As to those materials that contain Confidential Information but that constitute counsel's work product, plaintiffs' counsel shall maintain such records in a manner consistent with the terms of this Order. Plaintiffs' counsel shall be entitled to retain complete copies of all depositions, transcripts, exhibits, pleadings or other filings with this court, provided that the documents are maintained in accordance with this Order.

13. After termination of this action or any subsequent appeals, this Order shall con-

tinue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed

14. In the event of a breach, the part alleging breach shall be entitled to apply to this court for appropriate relief.

15. This Order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissibility of any records.

IT IS SO ORDERED.